IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| YOUNDOLYN M. SMITH,<br><br>Plaintiff,<br><br>v.<br><br>COCA-COLA CONSOLIDATED, INC.,<br><br>Defendant. | Civil Action No.: 3:22-cv-102 |

# EXHIBIT A

## TO

## NOTICE OF REMOVAL

Summons and Complaint

STATE OF NORTH CAROLINA            IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG                22 CVS ____

YOUNDOLYN M. SMITH          )
                      Plaintiff,        )
                                   )
       v.                                )
                                   )
COCA-COLA CONSOLIDATED, INC.   )
                                   )
                                   )       **COMPLAINT**
                      Defendant.     )
_____ )

## INTRODUCTION

1. This is an action for race discrimination and retaliation under Title VII of the Civil Rights Act, as amended 42 U.S.C. § 2000 et seq, 42 U.S.C. § 1981 et seq, and the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101 et seq., and for attorney fees pursuant to 42 U.S.C. § 1988. In addition, Plaintiff was wrongfully terminated in violation of the public policy of North Carolina. Plaintiff contends that she has been subjected to discrimination in the workplace and has been unlawfully terminated on account of her race and disability and in retaliation for protected activity in protesting conditions of her employment.

## JURISDICTION

2. The allegations contained in paragraph 1 is hereby re-alleged, re-asserted and incorporated herein by reference.

3. Plaintiff filed a charge of discrimination alleging disparate treatment and discrimination on the basis of gender and disability with the Equal Employment Opportunity Commission (hereinafter "EEOC"), designated as EEOC Charge No. 430-2021-01010 on March 12, 2021. The EEOC issued and emailed to Plaintiff a Notice of Right to Sue on November 5, 2021. (Exhibit 1) Plaintiff filed this action on this charge within ninety (90) days of receipt of the Notice of Right to Sue. She has met all jurisdictional requirements and exhausted all administrative remedies prerequisite to her Title VII and ADA claims.

## PARTIES

4. The allegations contained in paragraphs 1-3 are hereby re-alleged, re-asserted and incorporated herein by reference.

1

5. Plaintiff is a female citizen, and resident of Cabarrus County, North Carolina.

6. Defendant Coca-Cola Consolidated, Inc. (herein after "Defendant" or "Coke") is a foreign corporation organized under the laws of the State of Delaware and operates its business within Mecklenburg County.

7. Defendant is an "employer" for purposes of the Title VII and has more than 125 employees.

## FACTS

8. The allegations contained in paragraphs 1-7 are hereby re-alleged, re-asserted and incorporated herein by reference.

9. Plaintiff is a qualified individual with a disability as defined by the ADA.

10. During the course and tenure of her employment with the Defendant, she has not been cited as someone not able to perform the essential functions of her job.

11. Our client began her employment at Coke on November 25, 2019. She was hired as a Senior Manager in the Liability Claims and Litigation Department.

12. During her tenure with Coke, she was not given any formal training and was never supplied with a Standard Operation Procedure (SOP).

13. In her interview with her manager Brian Rittenhouse and his manager Mark Byers, Plaintiff advised them that she had no experience in the aspects of Risk Management that she was being asked to provide assistance in this role with the Defendant.

14. Defendant's agent Mark Byers asked Plaintiff how she felt about numbers, and she advised that if he would teach her, she could learn it. Byers advised that Plaintiff would not find any better company to learn Risk Management.

15. Since the beginning of her employment, Plaintiff requested training from her direct manager Brian Rittenhouse. Plaintiff received push back on this request because he stated we have already covered it, or she was told that he was too busy due to being on special project for COVID-19.

16. The Defendant's office closed in March of 2020 due to COVID-19. Whenever Plaintiff would ask a question to her manager Brian Rittenhouse for clarity, he would talk down to her and asked why she did not know the answer and ridiculed her and made her feel incompetent for asking any question about the job.

2

Case 3:22-cv-00102-RJC-DSC   Document 1-1   Filed 03/11/22   Page 3 of 15

17. Plaintiff's manager Brian Rittenhouse took very little time in the beginning of Plaintiff's employment to train her on the key aspects of the job. He stated on several occasions that when he started, he did not have any training and that he had to figure out things for himself and that she needed to do the same.

18. Plaintiff received a call from Defendant's agent Mark Byers in July of 2020 while she was in recovery from COVID-19. Ironically, it was the same day that she and her direct manager, Brian Rittenhouse had a disagreement because she advised Plaintiff, she did not have the tools to be successful. Mr. Byers assured Plaintiff that she would not lose her job and that he would look to get her a mentor as Rittenhouse had been absorbed with the COVID-19 project and may need some managerial training. Following this conversation, Ms. Smith never heard anything else from anyone about receiving a mentor.

19. On August 18, 2020 Plaintiff was rushed to the emergency room for seizures and remained there for five (5) days. Plaintiff was out of work for another week after being released and returned to work on August 31, 2020.

20. Following this event Plaintiff's relationship with Rittenhouse did not improve but became worse while still being under doctor's care. Plaintiff contacted Employee Relations, spoke to Deidra Adams, and lodged her grievances about the issues she was experiencing with Mr. Rittenhouse.

21. Plaintiff explained the issues she had with completing her tasks due to the lack of training and based upon the numerous emails Rittenhouse sent to her on a daily basis. Ms. Adams asked for the information that she was keeping regarding the number of emails received daily from him. Plaintiff asked for a meeting with Mark Byers and Brian Rittenhouse and asked for human resources to be present. That request was denied since Plaintiff requested the meeting.

22. In an attempt to mend the relationship with Rittenhouse, Plaintiff scheduled a meeting with him on October 6, 2020. During this meeting she asked him how he thought she was doing, and his response was "seems like you have been down in the weeds with some claims but you're doing okay."

23. A mere two (2) weeks later, Rittenhouse scheduled a meeting on October 23, 2020 with Plaintiff and advised her that he was placing her on a Performance Improvement Plan (PIP) without any warning or prior notices of deficiencies with her work. There was no indication of this action based upon the comments in the previous meeting just two weeks earlier.

24. Plaintiff contacted Ms. Adams in Human Resources on the same day, October 23, 2020 and expressed her issues with Rittenhouse and her health condition. She also explained to Ms. Adams her issues around the lack of training and the comments from Rittenhouse concerning not having the tools to be successful and the numerous emails

3

she received from Rittenhouse that was preventing her from completing her job and made feel as though she was being targeted.

25. Plaintiff had another meeting with Byers and Rittenhouse, and it was unproductive, and she was advised that she would need to develop herself and use other resources in the company. Byers did not address the meeting he had with Plaintiff in July of 2020 where Plaintiff asked for a mentor and that she would not receive any better training anywhere else.

26. Plaintiff was denied the full privileges and authority to perform her job. Rittenhouse did not provide her with settlement authority regarding Coke's Third-Party Administrator until November 11, 2020 which was the same day Plaintiff was presented with a PIP. During the entire course of her employment with Defendant, Plaintiff repeatedly asked for the list of Defense Counsel that Coke used and the policy information around it. She received it after being placed on a PIP.

27. However, the information Plaintiff received was not what she needed to effectively perform her job duties. She reached out to an insurance contact and this person provided with the correct policy information.

28. When Plaintiff was placed on the PIP in November of 2020 Rittenhouse made comments and reasons for placing her on the performance plan based on false and untruthful statements and allegations. He provided no examples of her alleged deficiencies. Plaintiff asked for him to provide tangible examples. It took Rittenhouse two (2) weeks until November 27, 2020 to find and provide examples of her work. Due to the stress of that meeting Plaintiff experienced a seizure and she was taken to the emergency room.

29. Plaintiff was the recipient of a constant barrage of test questions, harassment, bullying and retaliation from Rittenhouse. These behaviors were supported and allowed by Mark Byers, Rittenhouse's supervisor, despite the promises made in the July 2020 meeting Plaintiff had with him when he told her should be properly trained and would be successful and not be terminated.

30. Rittenhouse continued his extremely negative behaviors towards her despite her medical condition. Plaintiff's seizures are psychogenic seizures which are stress induced. She advised Rittenhouse of her medical condition and its relationship to COVID-19 and stress but his treatment towards her did not change and ultimately became worse.

31. Plaintiff suffered a seizure on November 27, 2020 and was hospitalized by her physician (neurologist) to undergo a series of tests to determine the cause of her issues. Her doctor advised that she should remain under his care for a period of time to manage the stress caused by her employment with the Defendant.

4

32. On December 9, 2020 Rittenhouse hired a Caucasian female contractor with the title of Claims Analyst purportedly to assist him during the time Plaintiff was out of work on medical leave. When Plaintiff inquired about this hire, he informed her that she was only brought in to assist in her absence due to her being out for thirty (30) days, however she was hired a week after the Plaintiff's absence.

33. Plaintiff was scheduled to return to work on December 14, 2020 and Rittenhouse was fully aware of this yet hired this alleged temporary employee in an effort to replace her employment.

34. Plaintiff's neurologist recommended that she remain out of work until December 28, 2020 to ensure that she was in a position to best manage her stress.

35. In the Plaintiff's absence, Rittenhouse aided the contractor unlike any assistance provided to the Plaintiff. When initially hired Rittenhouse indicated that she was brought on to assist with the COVID-19 Project but her duties quickly changed to resemble those of the Plaintiff

36. Rittenhouse sent an email to the team to introduce the Caucasian contract employee and began to train her on Auto/GL liability claims handling. She then began to send emails and interact with Defendant's Third-Party Administrator and conducting the same claim handling functions as that of the Plaintiff. The Plaintiff was never provided this type of training and was left on her own to figure out her job. This differential treatment based upon her race was a contributing factor in the termination of her employment.

37. Upon the Plaintiff raising a complaint of race discrimination, the contactor was suddenly terminated on January 29, 2021.

38. When Plaintiff returned to work on December 28, 2020, Rittenhouse began to barrage her again with email and deliverables, not allowing her an opportunity to get caught up on other matters that came in during her absence. This was a continuation of his practices of assigning tasks that were cumbersome or unmanageable to keep Plaintiff stressed without regard to her health and future negative employment actions. The actions of Plaintiff's manager Rittenhouse were done so in retaliation for reporting him to human resources for claims of race discrimination.

39. Plaintiff was awarded a bonus in March of 2020 and without any proper training or assistance was placed on a PIL and terminated from her employment from the Defendant on February 5, 2021.

40. Although Defendant was aware of Plaintiff's medical condition, Defendant never offered any accommodation. The Defendant, by and through its agents perceived the

Plaintiff as someone with a disability and ultimately terminated her position during the midst of the COVID-19 epidemic.

## FIRST CLAIM FOR RELIEF
## Race Discrimination
## 42 U.S.C. § 2000, 42 U.S.C. § 1981

41. The allegations set forth in Paragraphs 1 through 42 are re-alleged and incorporated by reference as if fully set forth herein.

42. Plaintiff is African American and in a class of protected employees. She was performing the essential functions of her job and despite her repeated requests for training and support, she was denied that training. Plaintiff was treated differently than a similarly situated employee and after complaining about the different treatment she was wrongfully terminated exercising her rights to be employed free from discriminatory conduct from the Defendant in the terms and conditions of her employment.

43. The evidence shows that Plaintiff complained on several occasions about the differential treatment and harassing behaviors from her manager, Brian Rittenhouse and despite these complaints she remained under his supervision until she was terminated from her employment with the Defendant in violation of Title VII because of her race.

44. Plaintiff seeks relief from this discriminatory conduct in the form of back pay, future wages and for compensatory damages pursuant to 42 U.S.C. § 2000 and 42 U.S.C. § 1981 for injuries she suffered as a result of being wrongfully terminated. Plaintiff is also seeking an award of punitive damages pursuant to her Title VII claims as allowed under law.

45. Plaintiff also seeks reasonable attorney's fees under 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF
## Retaliation – 42 U.S.C. § 2000, 42 U.S.C. § 1981

46. The allegations set forth in Paragraphs 1 through 46 are re-alleged and incorporated by reference as if fully set forth herein.

47. Plaintiff is African American, and she raised concerns and made complaints and raised charges of race discrimination and disparate treatment against Defendant. Upon raising these issues with the Defendant, she was terminated in violation of the statutes mentioned.

48. Plaintiff has performed her job at the highest level despite the retaliation and was summarily terminated for exercising her rights under the law.

49. Defendant by and through its agents and managers, allowed similarly situated employees to receive training and support in order to perform their jobs, but did not accommodate the Plaintiff in the same fashion. This differential treatment based upon the perception of a disability was a causal link in the decision to terminate her employment.

50. The reason Defendant gave for the decision to terminate her was a pretext for discrimination and retaliation.

51. Plaintiff seeks relief from this discriminatory conduct in the form of back pay, future wages and for compensatory damages pursuant to 42 U.S.C. § 2000 and 42 U.S.C. § 1981 for injuries she suffered as a result of being wrongfully terminated. Plaintiff is also seeking an award of punitive damages pursuant to her Title VII claims as allowed under law

52. Plaintiff also seeks reasonable attorney's fees under 42 U.S.C. § 1988.

## THIRD CLAIM FOR RELIEF
### Americans with Disabilities Act of 1990 as amended

53. The allegations set forth in Paragraphs 1 through 52 are re-alleged and incorporated by reference as if fully set forth herein.

54. Plaintiff incorporates all prior paragraphs by reference. The acts of discrimination based upon her disability complained of herein are also actionable under the Americans with Disabilities Act of 1990 as amended. (hereinafter "ADA").

55. Plaintiff is of the belief that Defendant regarding her as someone with a disability due to her ongoing medical issues and failed to provide her a reasonable and effective accommodation by continuing to place her in a hostile and intimidating environment under the management of Brian Rittenhouse. Her continued placement and engagement on Rittenhouse' team ultimately led to her termination. This was designed to overwhelm Plaintiff and exacerbate the condition of her disability.

56. Defendant by its agents in their individual and official capacities, violated the ADA by intentionally and with malice terminated her employment based on her disability and for engaging protected activity.

57. Plaintiff seeks relief from this discriminatory conduct in the form of back pay, future wages and for compensatory damages pursuant to the Americans with Disability Act as amended, 42 U.S.C. § 2000 and for compensatory damages for injuries she suffered as a result of being wrongfully terminated. Plaintiff is also seeking an award of punitive damages pursuant to her Title VII claims as allowed under law

58. Plaintiff also seeks reasonable attorney's fees under 42 U.S.C. § 1988.

## FOURTH CLAIM FOR RELIEF
### (Wrongful Termination in Violation of Public Policy of North Carolina)

59. The allegations set forth in Paragraphs 1 through 59 are re-alleged and incorporated by reference as if fully set forth herein.

7

60. Plaintiff was treated differently than similarly situated employees during the course of her employment with Defendant. Defendant was aware of Plaintiff's medical issues and still required and forced her to work under conditions that were harmful to her health.

61. Plaintiff was treated differently than similarly situated Caucasian employees during the course of her employment with Defendant. Defendant provided training and access to information to allow a Caucasian employee to perform her job, while denying the Plaintiff the same rights and privileges provided to the Caucasian employee.

62. Plaintiff was denied a reasonable accommodation in violation of her rights and was retaliated against due to her race and disability status.

63. Following Plaintiff's complaint, she was terminated from her employment in violation of the public policy of the State of North Carolina.

## FIFTH CLAIM FOR RELIEF
## 42 U.S.C. § 2000 - Punitive Damages

64. The allegations set forth in Paragraphs 1 through 63 are re-alleged and incorporated by reference as if fully set forth herein.

65. The Defendant engaged in unlawful discrimination against the Plaintiff that was intentional. The Defendant terminated the Plaintiff for raising concerns of discrimination and due to violations of the Title VII.

66. The Defendant discriminated with malice or reckless indifference to the Plaintiff's federally protected rights. The Defendant was aware of Plaintiff exercising her rights and terminated her employment, nonetheless, disregarding her rights under federal law.

67. Pursuant to Title VII, 42 U.S.C. § 2000 Plaintiff contends that punitive damages are required to punish Defendant for their wrongful acts and to deter Defendant and others from committing similar wrongful acts.

68. Defendant did act intentionally, maliciously, willfully, wantonly and in reckless disregard to the rights of Plaintiff by aggressively and discriminating against Plaintiff through the specific actions described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court as follows:

1. Award compensation for lost wages;

2. Award compensation for future wages;

3. Compensatory damages;

4. Punitive damages;

5. The costs of this action, including reasonable attorney's fees under 42 U.S.C. § 1988;

6. For a trial by jury on all claims so triable; and

7. Any further the relief the Court deems just and necessary.

Respectfully submitted this the 3rd day of February 2022.

                    THE MONTGOMERY LAW FIRM, PLLC

BY: _____
           ERIC A. MONTGOMERY, N.C. Bar No. 38951
           *Attorney for Plaintiff YOUNDOLYN SMITH*
           6135 Park South Drive, Suite 510
           Charlotte, North Carolina 28210
           Telephone:   (704) 749-3135
           Facsimile:    (704) 228-7157
           E-mail:       eric@themlawfirm.com

# EXHIBIT 1

EEOC Form 161 (11/2020)          U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Youndolyn M. Smith<br>2451 Willow Pond Lane SE<br>Concord, NC 28025 | From: | Charlotte District Office<br>129 W. Trade Street<br>Suite 400<br>Charlotte, NC 28202 |
|---|---|---|---|

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 430-2021-01010 | Nancy J. Wolf, Investigator | (980) 296-1269 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Veronica D. Hough* — Digitally signed by Veronica D. Hough
Date: 2021.11.05 10:39:12 -04'00'

Enclosures(s)
Thomas M. Colclough,
District Director                                                  *(Date Issued)*

cc:
Brent L. Wilson
Elarbee Thompson
229 PEACHTREE ST NE
STE 800
Atlanta, GA 30303

Eric A. Montgomery, Esq.
THE MONTGOMERY LAW FIRM
6135 Park South Drive
Suite 510
Charlotte, NC 28210

| STATE OF NORTH CAROLINA | File No. 22CVS 2076 |
|---|---|
| MECKLENBURG County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| YOUNDOLYN M. SMITH |
| Address |
| 2451 Willow Pond Lane SE |
| City, State, Zip |
| Concord, NC 28025 |

**VERSUS**

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| Coca-Cola Consolidated, Inc. | |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Coca-Cola Consolidated, Inc.<br>c/o CT Corporation System - Registered Agent<br>160 Mine Lake Court Suite 200<br>Raleigh, NC 27615-6417 | |

⚠ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued 2-7-22 | Time 2:15 ☐ AM ☒ PM |
|---|---|---|
| The Montgomery Law Firm, PLLC<br>6135 Park South Drive Suite 510<br>Charlotte, NC 28210 | Signature | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

Case 3:22-cv-00102-RJC-DSC   Document 1-1   Filed 03/11/22   Page 13 of 15

| STATE OF NORTH CAROLINA | FILED | File No. |
| --- | --- | --- |

MECKLENBURG County

In The General Court Of Justice
☐ District  ☒ Superior Court Division

2022 SEP -7 PM 2:15
MECKLENBURG CO., C.S.C.

**Name And Address Of Plaintiff 1**
Youndolyn M. Smith
2451 Willow Pond Lane SE
Concord, NC 28025

**Name And Address Of Plaintiff 2**

# GENERAL
## CIVIL ACTION COVER SHEET

☒ INITIAL FILING  ☐ SUBSEQUENT FILING

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

**VERSUS**

**Name And Address Of Defendant 1**
Coca-Cola Consolidated, Inc.
c/o C.T. Corporation Systems - Registered Agent
160 Mine Lake Court Suite 200
Raleigh, NC 27615-6417

**Summons Submitted**  ☒ Yes  ☐ No

**Name And Address Of Defendant 2**

**Summons Submitted**  ☒ Yes  ☐ No

**Name And Address Of Attorney Or Party, If Not Represented** (complete for initial appearance or change of address)
Eric A. Montgomery, Esq.
6135 Park South Drive Suite 510
Charlotte, NC 28210

| Telephone No. | Cellular Telephone No. |
| --- | --- |
| 704-749-315 | 704-712-2000 |

| NC Attorney Bar No. | Attorney Email Address |
| --- | --- |
| 38951 | eric@themlawfirm.com |

☒ Initial Appearance in Case  ☐ Change of Address

| Name Of Firm | Fax No. |
| --- | --- |
| The Montgomery Law Firm, PLLC | 704-228-7157 |

**Counsel For**
☒ All Plaintiffs  ☐ All Defendants  ☐ Only: (list party(ies) represented)

☒ Jury Demanded In Pleading  ☐ Complex Litigation  ☐ Stipulate to Arbitration

**TYPE OF PLEADING**

(check all that apply)
- ☐ Amend (AMND)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Assess Costs (COST)
- ☐ Answer/Reply (ANSW-Response) (see Note)
- ☐ Change Venue (CHVN)
- ☒ Complaint (COMP)
- ☐ Confession Of Judgment (CNFJ)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL)
- ☐ Contempt (CNTP)
- ☐ Continue (CNTN)
- ☐ Compel (CMPL)
- ☐ Counterclaim (CTCL) *Assess Court Costs*
- ☐ Crossclaim (list on back) (CRSS) *Assess Court Costs*
- ☐ Dismiss (DISM) *Assess Court Costs*
- ☐ Exempt/Waive Mediation (EXMD)
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Failure To Join Necessary Party (FJNP)

- ☐ Failure To State A Claim (FASC)
- ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
- ☐ Improper Venue/Division (IMVN)
- ☐ Including Attorney's Fees (ATTY)
- ☐ Intervene (INTR)
- ☐ Interplead (OTHR)
- ☐ Lack Of Jurisdiction (Person) (LJPN)
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
- ☐ Modification Of Child Support In IV-D Actions (MSUP)
- ☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
- ☐ Petition To Sue As Indigent (OTHR)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Sanctions (SANC)
- ☐ Set Aside (OTHR)
- ☐ Show Cause (SHOW)
- ☐ Transfer (TRFR)
- ☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
- ☐ Vacate/Modify Judgment (VCMD)
- ☐ Withdraw As Counsel (WDCN)
- ☐ Other (specify and list each separately)

**NOTE:** All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

(Over)

Case 3:22-cv-00102-RJC-DSC  Document 1-1  Filed 03/11/22  Page 14 of 15

AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts



MECKLENBURG COUNTY CLERK OF COURT

M325414    02/09/22  10:22:26

PAYOR: SMITH,YOUNDOLYN
PAYEE: COCA-COLA CONSOLIDATED
CASE#: 22CVS002076 VCAP:Y
CITA#:

| | |
|---|---|
| 21120 SC-CIVIL FEES | 179.05 |
| 21124 SC-CV LAA FEES | .95 |
| 24681 JUD TECH & FAC | 4.00 |
| 22120 CO FAC FEE S CV | 16.00 |
| TOTAL PAID | 200.00 |
| CO TENDERED | 200.00 |
| CHANGE | .00 |

2397   ID C59KLF